# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFONSO LOWE, SR.,

        Plaintiff,

v.                                      Case No. 07-C-0580

TRAMONT CORPORATION,
JUDY RUTLEDGE and STEVE MILLER,

        Defendants.

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
FOLLOWING PARTIAL PAYMENT**

Plaintiff, Alfonso Lowe Sr., who is proceeding pro se, lodged an employment discrimination complaint, asserting that his employer retaliated against him for filing a previous discrimination claim and federal lawsuit. Before the court is plaintiff's petition for leave to proceed in forma pauperis.

A district court may authorize a plaintiff to proceed in forma pauperis, meaning that the plaintiff does not have to prepay the $350 filing fee to commence the lawsuit, if the person submits an affidavit setting forth the assets the person possesses, indicating that the person is unable to pay the fees, and stating the person's belief that he is entitled to redress. 28 U.S.C. § 1915(a).

According to plaintiff's affidavit, he and his wife together receive income of $4100 per month. They own a 1999 automobile and a 2006 automobile, together valued at $13,000. They own a residence valued at $240,000 and have $200 in a bank account. Their mortgage runs $2000 per month, car payments run $800 per month, and utilities ($400), transportation ($150), food ($250), medical bills ($200), and clothing ($100) add $1100 per month in expenses. Thus, after their expenses, $200 remains of their income per month. (Plaintiff says he supports an adult son in the amount of $2000 per month, but the

court assumes that most if not all of this amount is already counted within plaintiff's own expenses for mortgage and utilities, etc., as those expenses are rather large, and if the adult son is a dependent he most likely is living with plaintiff.)

It is within a district court's discretion to order payment of a portion of the filing fee while waiving the remainder where a plaintiff cannot pay the full expense but is economically able to pay a portion thereof. *See Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In the court's opinion, plaintiff has the ability to pay $175 of the filing fee (just less than one month's net income). The court will require him to pay that portion but will waive the remainder.

Therefore,

**IT IS ORDERED** that plaintiff's petition for leave to proceed in forma pauperis is **granted** to the extent that he will be allowed to proceed in forma pauperis upon partial payment to the district clerk of the fee, in the amount of $175, with the remainder of the fee waived. Plaintiff must pay such amount to the clerk of court within twenty-one days of the date of this order.

**IT IS FURTHER ORDERED** that following plaintiff's payment of $175 the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, the magistrate judge consent/refusal form, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. Even though Congress requires the court to order service by the U.S. Marshals Service when a person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that from now on he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. The court may disregard any papers or documents that do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2007.

BY THE COURT:

s/Charles N. Clevert, Jr.
C. N. CLEVERT, JR.
United States District Judge